

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

September 18, 1952

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas          Opinion No. V-1523

Re: Authority of State Board
of Education to determine
salary of area supervisors
for vocational education
and counselors for voca-
tional rehabilitation under
minimum salary schedule set
out in Article 2922-14, V.
C.S., which exceeds maximum
salary limitations provided
in the general appropria-

Dear Sir:                     tion act.

We refer to your request for an opinion of
this office regarding the application of the salary
schedule shown in Article III of House Bill 426, Acts
52nd Leg., R.S. 1951, ch. 499, p. 1316, the biennial
appropriation to the Texas Central Education Agency.
Your inquiry reads in substance as follows:

Group X of the salary schedule provides:

"Group X: None to exceed $5,280 per year.

"Description and duties: Under general
supervision of a Section Chief or State
Supervisor develops and supervises special
programs in specific areas of the State, or
supervises special programs on a state-wide
basis, or directs the activities of a group
of personnel in a specialized area, or
counsels in a specialized field."

The positions in the Agency of area
supervisor for Vocational Education and
counselor for Vocational Rehabilitation

are classified within this group by the Agency. As a prerequisite to their employment by the Agency, personnel in these positions are required to have a legal teaching certificate and to meet special certificate requirements of a vocational teacher or counselor in the public schools. Area supervisors of Vocational Education actually perform direct supervision of classroom instruction in local public schools in assigned areas. Counselors in the Vocational Rehabilitation Division of the Agency counsel with adults who are participating in the Rehabilitation Program.

Article IV of Senate Bill 116, Acts 51st Leg., R.S. 1949, ch. 334, p. 625 (Art. 2922-14, V.C.S.) sets forth a minimum salary schedule. All public free school districts in this State are required thereunder to pay each teacher not less than the minimum salary specified therein. Thus, a vocational teacher, with a Master's Degree and 26 years of teaching experience, employed on a 12 months' basis receives a minimum salary of $5,376. Subdiv. 1e, Sec. 1, Art. 2922-14, supra.

Several of the area supervisors and counselors presently employed by the Agency hold Master's Degrees and have 26 years of teaching experience. They are employed on a 12 months' basis. But under Group X of the appropriation bill quoted, they receive an annual salary of $5,280.

Question: Has the State Board of Education authority to pay area supervisors and counselors employed by the agency salaries which conform to the minimum salary schedule for teachers set out in Article 2922-14, V. C.S., when the minimum salary so determined would exceed the salary fixed in Group X of House Bill 426, supra, the appropriation to the Texas Central Education Agency?

Section 1 of Article 2922-14, Vernon's Civil Statutes, provides a minimum salary schedule which is expressly applicable to teachers employed by the boards of trustees of the school districts of this State.

Att'y Gen. Op. V-921 (1949). It provides for salary increments based on length of college training and teaching experience.

The "groups" or personnel classification provisions in the current appropriation to the Central Education Agency (Art. III of H. B. 426, supra) provide the maximum salaries that may be paid personnel classified and employed by the Agency. Att'y Gen. Op. V-1324 (1951). It makes no provision for increments for length of college training or teaching experience. Discretion rests in the Agency to authorize any salary for any of its employees which does not exceed the maximum amount fixed in the "group" in which the employee is classified.

While the minimum salaries of teachers employed by school districts are governed by general law, there is no general law fixing the maximum or minimum salaries of employees of the Texas Central Education Agency. Thus, provisions in the current appropriation bill governing the maximum salaries for classified positions that may be expended out of the appropriation made to the Agency in Section 2 of House Bill 426, supra, are not in conflict with general laws.

Accordingly, it is the opinion of this office that the State Board of Education is without authority to pay area supervisors and counselors employed and classified by the Texas Central Education Agency under Group X of Article III of House Bill 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1316, a salary which exceeds the maximum amount fixed in that personnel classification.

## SUMMARY

The maximum salary that may be paid area supervisors and counselors employed and classified by the Texas Central Education Agency under Group X of Article III of House Bill 426, Acts 52nd Leg., 1951, ch. 499, p. 1316, is fixed in "Group X" of that appropriation bill, and no amount greater than that specified therein may be paid.

Hon. J. W. Edgar, page 4 (V-1523)

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By Chester E. Ollison
Chester E. Ollison
Assistant

Charles D. Mathews
First Assistant

CEO:am